UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FIRST TIME VIDEOS, LLC,  )<br>                          )<br>     Plaintiff,         )<br>                          )<br>vs.                       )<br>                          )<br>FTV PROGRAMMGESELLSCHAFT MHB, et al., )<br>                          )<br>     Defendants.         )<br>                          ) | Case No. 2:14-cv-01764-GMN-CWH<br><br>**<u>ORDER</u>** |

Presently before the Court is Plaintiff First Time Videos, LLC's Motion for Alternative Service (ECF No. 7), filed on February 23, 2015. No opposition has been filed.

**I.  BACKGROUND**

Plaintiff First Time Videos, LLC ("First Time") distributes adult video content under its federally registered trademark "FTV GIRLS" and various other federally registered "FTV" trademarks. (Am. Compl. (ECF No. 8) at 3.) This lawsuit arises out of a dispute between First Time and Defendants FTV Programmgessellschaft mbH, an Austrian limited liability company, and Fashiontv.com GmbH, a German limited liability company, regarding First Time's use of the FTV trademarks on First Time's Facebook page. (*Id.* at 1-6.) According to First Time, it has spent thousands of dollars advertising and promoting its business using the FTV trademarks through internet search engines and social media, including on its Facebook page. (*Id.* at 4.)

First Time alleges Defendants own and operate a television channel devoted to fashion as well as the Internet websites www.ftv.com and www.fashiontv.com. (*Id.* at 5.) First Time further alleges that Defendant Fashiontv.com GmbH owns an "FTV" trademark "for use in International Class 38 in connection with 'cable and satellite television broadcasting services.'" (*Id.*) According to First Time, in August of 2014, Defendants demanded that Facebook take down First Time's Facebook page based on Defendants' allegedly superior trademark rights in their "FTV" mark.

1  (*Id.*)  First Time claims it sent two letters to Defendants requesting Defendants to instruct Facebook
2  to restore First Time's Facebook page, but Defendants failed to do so.  (*Id.*)  Based on Defendants'
3  demand to Facebook, First Time anticipates that Defendants may make a similar demand that
4  Twitter disable First Time's @ftvgirls Twitter account.  (*Id.* at 6.)
5        On October 24, 2014, First Time filed a Complaint in this Court bringing claims for a
6  declaratory judgment, fraud, interference with prospective economic advantage, and trademark
7  cancellation.  (Compl. (ECF No. 1).)  First Time filed an Amended Complaint on May 8, 2015.
8  (Am. Compl. (ECF No. 8).)  First Time now moves to serve Defendants with process by email,
9  arguing that service by email is permissible under Rule 4(f)(3) because it comports with due
10 process.  First Time argues that service by email would be the most efficient, cost effective, and
11 reasonable method of service because First Time has reliable email addresses for both Defendants.
12 Specifically, First Time states that when Facebook emailed First Time to notify it that its Facebook
13 page was being taken down, Facebook also emailed milada@ftv.com, which is the email address
14 that Facebook had on record for Defendant FTV Programmgesellschaft mbH.  (Decl. of Jonathan
15 W. Fountain (ECF No. 7-1) at ¶ 2.)  As for Defendant Fashiontv.com GmbH, First Time states that
16 the United States Patent and Trademark Office's website lists Raymond J. Dowd, whose email is
17 rdowd@dunnington.com, as Defendant Fashiontv.com GmbH's counsel of record.  (*Id.* at ¶ 3.)
18 First Time argues Defendant Fashiontv.com has actual notice of this lawsuit because First Time's
19 counsel, Michael J. McCue, emailed copies of the summons and complaint to Mr. Dowd.  (*Id.* at ¶
20 4.)  First Time concedes, however, that Mr. Dowd responded by email stating "Dear Michael – We
21 are not authorized to accept service in this matter."  (*Id.*)
22       First Time further argues that service by email is the only reasonable method of service in
23 this case.  First Time states that Defendant Fashiontv.com, which is a German company, could be
24 served under the Hague Convention.  In contrast, First Time states that Defendant FTV
25 Programmgessellschaft mbH, which is an Austrian company, would have to be served through
26 letters rogatory because Austria is not a party to the Hague Convention.  According to First Time,
27 service through the Hague Convention or by letters rogatory is expensive, time consuming, and
28 uncertain.

## II.     ANALYSIS

Federal Rules of Civil Procedure 4(h)(2) and Rule 4(f) govern service on a foreign business entity. Rule 4(h)(2) authorizes service of process on a foreign business entity in the manner prescribed by Rule 4(f)[1] for individuals. The subsection of Rule 4(f) relevant in this case, Rule 4(f)(3), permits service outside a judicial district of the United States "by . . . other means not prohibited by international agreement, as the court orders." Additionally, to establish that service by email is appropriate, a plaintiff must show that service by email is "reasonably calculated, under all the circumstances, to apprise the interested parties of the action and afford them an opportunity to present their objections." *Rio Props., Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1014-16 (9th Cir. 2002) (quotation omitted). Service under Rule 4(f)(3) is not a "last resort" or "extraordinary relief." *Id.* at 1015 (quotation omitted). "It is merely one means among several which enables service of process on an international defendant." *Id.* It is within the Court's discretion to determine "when the particularities and necessities of a given case require alternate service of process under Rule 4(f)(3)." *Id.* at 1016.

/ / /

---

[1] Federal Rule of Civil Procedure 4(f) provides, in relevant part:
Unless federal law provides otherwise, an individual . . . may be served at a place not within any judicial district of the United States:
(1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
(2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
    (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
    (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
    (C) unless prohibited by the foreign country's law, by:
        (i) . . .
        (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
(3) by other means not prohibited by international agreement, as the court orders.

Case 2:14-cv-01764-GMN-CWH   Document 9   Filed 09/16/15   Page 4 of 5

Here, First Time does not demonstrate that service by email is reasonably calculated to provide actual notice under the facts and circumstances of this case. Although First Time contends that Facebook's records provide that FTV Programmgesellschaft mbH's email address is milada@ftv.com, First Time does not provide any evidence indicating it has communicated with FTV Programmgesellschaft mbH at this email address. Nor does First Time provide any evidence indicating that this email address is used in connection with FTV Programmgesellschaft mbH's business or that it is a current and valid email address. As for Defendant Fashiontv.com GmbH, although Mr. Dowd is counsel of record for Fashiontv.com GmbH with respect to matters before the United States Patent and Trademark Office, there is no evidence that he represents the Defendant in this matter. To the contrary, Mr. Dowd stated he is not authorized to accept service of process for Fashiontv.com GmbH, which indicates Fashiontv.com GmbH will not necessarily receive actual notice of this lawsuit from Mr. Dowd. First Time does not provide any other email addresses for Fashiontv.com GmbH. The Court therefore finds that service by email is not reasonably calculated to provide actual notice to the Defendants under the facts and circumstances of this case.

Even if service by email was reasonably calculated to provide actual notice to the Defendants, First Time does not provide the Court with any authority stating that service of process by email is not prohibited by international agreement as required by Rule 4(f)(3). Although First Time provides argument of counsel stating that service of process under the Hague Convention and by letters rogatory is expensive, time consuming, and uncertain, First Time does not explain the procedural requirements of these methods of service. Without authority regarding the requirements of the Hague Convention or any other applicable international agreements, the Court cannot evaluate whether service by email is prohibited by international agreement. The Court therefore will deny First Time's motion.

/ / /

/ / /

/ / /

/ / /

4

III.   CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff First Time Video, LLC's Motion for Alternative Service (ECF No. 7) is DENIED.

DATED:  September 16, 2015.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge